**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIREN JAGDISH PATEL, | No.    19-70460 |
| Petitioner, | Agency No. A096-389-469 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 26, 2023[**]
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Hiren Patel petitions for review of a decision of the Board of Immigration

Appeals (BIA) denying a motion to reopen his immigration proceedings.  We review

the denial of a motion to reopen for abuse of discretion and purely legal questions

de novo.  *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in denying Patel's motion to reopen. Patel argues that his immigration proceedings should have been reopened because under 8 C.F.R. § 1003.14(a), the immigration court lacked jurisdiction due to the fact that his initial Notice to Appear (NTA) did not contain the time and location of his hearing. This argument is foreclosed by precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) (explaining that § 1003.14(a) is a "nonjurisdictional claim-processing rule" and that "the filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies with the requirements of that regulation"); *see also id.* at 1188 ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction."); *Aguilar Fermin*, 958 F.3d at 895 (rejecting jurisdictional argument where the initial NTA did not provide a date, time, or place); *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (explaining that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) "simply has no application" when considering the immigration court's jurisdiction).

We further note that after receiving his initial NTA, Patel received a supplemental Notice of Hearing, which contained time and location information. Patel also personally attended that hearing. Patel's challenge to the BIA's denial of his motion to reopen fails.

**PETITION DENIED.**

2